UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 1:09-cv-01374-AWI-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| ROBERT L. MORRIS, et al., | |
| Defendants. | (Doc. 12) |

Plaintiff Joe Hand Promotions, Inc., moves for Entry of Default Judgment against defendants Rebecca L. Morris, and Terry E. Morris, Jr., individually and d/b/a Pizza Plus. This court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that Plaintiff's motion be granted.

**II.     Background**

On August 6, 2009, Plaintiff filed its complaint against Defendants, alleging violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, as well as claims under California state law. The allegations are based on Defendants' alleged unlawful interception, receiving, and exhibiting of "Ultimate Fighting Championship 87: 'Seek and Destroy'" (the "Program"), which was telecast on August 9, 2008. According to the complaint, plaintiff was the exclusive commercial distributor of the Program.

The first cause of action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, and exhibited

the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $50,000.00 in statutory damages as well as attorneys' fees and costs. The second cause of action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $50,000.00 in statutory damages as well as attorneys' fees and costs. The third cause of action for conversion alleges that Defendants tortuously obtained possession of the Program and wrongfully converted it for their own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress. Plaintiff seeks compensatory damages in the amount of $875.00 (representing the licensing fee for an establishment the size of Pizza Plus, according to its maximum fire code occupancy), punitive and exemplary damages in addition to attorneys' fees and costs. The fourth count alleges a violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, for which Plaintiff seeks restitution, declaratory and injunctive relief.

On September 28, 2009, Plaintiff filed proofs of service indicating the Defendants were served September 9, 2009. On October 1, 2009, the Court entered default as to Rebecca Morris. On October 20, 2009, the Court entered default as to Terry E. Morris, Jr. Plaintiff moved for default judgment on December 22, 2009. Defendants did not oppose the motion.

**II.    Legal Standard for Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[U]pon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th

Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

### III. Discussion

Pursuant to the proofs of service filed with the court on September 28, 2009, Defendants were served on September 9, 2009. Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley, ¶ 3. The Clerk entered default against Rebecca Morris on October 1, 2009, and against Terry E. Morris, Jr., on October 20, 2009.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553 as well as the common law tort of conversion. Because the license fee for an establishment the size of Pizza Plus would have been $875.00, Plaintiff is entitled to $875.00 in compensatory damages for the tort of conversion. Given the size of Pizza Plus, the population of Riverbank and nearby cities,[1] and the fact that the Program was shown on three televisions, the federal violations likely had more than minimal impact. Accordingly, the Court finds that $15,000.00 for each federal statutory violation is an appropriate remedy. This amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

### IV. Recommendation

Accordingly, the Court **RECOMMENDS** that judgment be entered in this action against Defendants and **RECOMMENDS** that damages in the total amount of $30,875.00 be fixed as follows:

1.  For violation of 47 U.S.C. § 605, the sum of $15,000.00;
2.  For violation of 47 U.S.C. § 553, the sum of $15,000.00; and
3.  For the common law tort of conversion, the sum of $875.00.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and

---

[1] Riverbank's population is approximately 20,000 people. It is located on the outskirts of Modesto and within a short distance of numerous small towns including Oakdale, Escalon, Meyers, and Del Rio.

3

1  Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.  Within thirty (30) days after being served with a copy, any party may file written
3  objections with the court, serving a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
5  shall be served and filed within ten (10) days after service of the objections.  The Court will then
6  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.
13 **Dated:    February 5, 2010**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE